UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Garnett Moore,** #256818, | ) **C/A No. 4:06-2499-MBS-TER** |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Jeannie Ruthledge;<br>Bobby Olsen;<br>Jon Ozmint; and<br>Richard Bizzle, | ) |
| Defendants. | ) |

_____

    This is a civil rights action filed *pro se* by a state prison inmate.[1] Plaintiff is currently incarcerated at the Perry Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system. In the Complaint filed in this case, Plaintiff seeks damages for alleged constitutional violations by SCDC employees and officials in connection with the medical care and attention Plaintiff and other inmates received during stomach virus outbreaks at Perry in January 2006 and again recently. Plaintiff alleges that the only treatment given for the initial outbreak was "liquid diet, malloxx, Tylenol," and complains that lab testing and/or investigation into the source of the virus was not done. Plaintiff also alleges that he was only given "antibiotics" when he came down with stomach problems, and that his grievances about the manner in which the virus was treated were "unprocess." In addition to the request for damages, Plaintiff also asks this Court to "ensure [that] in the future [SCDC] will have better healthcare and medical attention and the chain of command is followed in time of health emergency." Complaint, at 5.

    Under established local procedure in this judicial district, a careful review has been made

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

To the extent that it seeks damages for allegedly inadequate medical care received by Plaintiff, the Complaint in this case is subject to summary dismissal for failure to state a claim on which relief can be granted. Correctional systems are required to provide medical care to inmates, and detention facilities are required to provide medical treatment to detainees. *See* Helling v. McKinney, 509 U.S. 25 (1993). The Helling Court stated,

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being. . . . The rationale for this principle is simple enough: when the State by the affirmative exercise of its power

2

so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs – e.g., food, clothing, shelter, medical care, and reasonable safety – it transgresses the substantive limits on state action set by the Eighth Amendment[.]

509 U.S. at 32 (quoting DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 199-200 (1989); *see also* Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990).

With respect to medical care, a prisoner seeking compensation in a § 1983 case[2] "must allege acts or omissions sufficiently harmful to evidence *deliberate indifference to serious medical needs*." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (emphasis added). In Estelle v. Gamble, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in Estelle v. Gamble pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Estelle v. Gamble, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain *minimum level of medical treatment*, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988)(emphasis added). *Cf.* Whitley v. Albers, 475 U.S. 312, 320 (1986)(a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See* Brown v. Thompson, 868 F. Supp. 326 (S.D. Ga.. 1994)(collecting cases).

Under Estelle v. Gamble, 429 U.S. at 105, the failure of the Defendants to take Plaintiff to the outside hospitals or physicians as quickly as Plaintiff might have desired and the any negligence or possible malpractice that might have occurred while attempting to treat Plaintiff's

---

[2] Plaintiff's Complaint is before this Court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

3

medical problem do not rise to the level of compensable constitutional violations. In <u>Lamb v. Maschner</u>, 633 F. Supp. 351 (D. Kan. 1986), the district court ruled that the proper inquiry for indifference is whether the prison or jail provided *any* treatment, and that the plaintiff's agreement or disagreement with the treatment is irrelevant:

> Even though plaintiff and defendants have a differing opinion as to the proper treatment to be received by plaintiff, this does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976). Therefore, the key question in this case is whether the defendants have provided plaintiff with some kind of treatment, regardless of whether it is what plaintiff desires.

<u>Lamb v. Maschner</u>, 633 F. Supp. at 353; *see* <u>Walker v. Peters</u>, 863 F. Supp. 671 (N.D. Ill.1994)(under <u>Farmer v. Brennan</u>, "mere disagreements between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former, although if the patient is right he or she might have a common law (not a constitutional) claim for medical malpractice").

In this case, it is clear from Plaintiff's allegations that the Perry Correctional Institution's medical staff provided Plaintiff with medical care for his stomach virus problems. It appears only that Plaintiff thinks that he should have received "more" or "better" care. Essentially, the problem appears to be that Plaintiff disagrees with the type of treatment the medical staff provided. As a result, no medical indifference has been alleged and no constitutional violation has been shown.

The decision of the Supreme Court of the United States in <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994) does not require that process be issued in this case because, essentially, the allegations in the Complaint show only a disagreement as to the proper type and amount of medical treatment provided and a possible claim of medical malpractice by an one or more members of the institution's medical staff. It is well settled that negligent or incorrect medical treatment (medical malpractice) is not actionable under 42 U.S.C. § 1983. *See* <u>Estelle v. Gamble</u>, 429 U.S. at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See*

Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (applying Daniels v. Williams and Ruefly v. Landon: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").  Also, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law.  *See, e.g.*, DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-03 (1989); Brooks v. Celeste, 39 F.3d 125 (6th Cir.1994)(Although several courts prior to the Supreme Court's decision in Farmer v. Brennan held that "repeated acts of negligence could by themselves constitute deliberate indifference, *Farmer* teaches otherwise."); Sellers v. Henman, 41 F. 1100 (7th Cir. 1994)("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990).

Moreover, to the extent that Plaintiff's Complaint seeks to recover damages or other relief on behalf of other prisoners, the Complaint is subject to summary dismissal.  Although a plaintiff has the right to appear *pro se* on his own behalf, he may not represent another *pro se* plaintiff in federal court.  *See* Klocek v. Gateway, Inc., 104 F. Supp. 2d 1332, 1344 (D. Kan. 2000) (citing 28 U.S.C. § 1654).  Courts have consistently held that a litigant acting *pro se* is not able to adequately represent the interests of other *pro se* litigants.  *See* Maldonado v. Terhune, 28 F. Supp. 2d 284, 288 (D.N.J. 1998); Caputo v. Fauver, 800 F. Supp. 168, 170 (D. N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action."); *see also* Allnew v. City of Duluth, 983 F. Supp. 825, 830 (D. Minn. 1997) (courts have consistently held that a class representative cannot properly appear *pro se*) (listing cases).

Also, Plaintiff allegations about his SCDC grievances not being processed do not state a

5

viable § 1983 claim.  It is well settled that prison inmates have no federal constitutional right to have *any* inmate grievance system in operation at the place where they are incarcerated.  *See, e.g.*, Adams v. Rice,  40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Mann v. Adams, 855 F.2d  639, 640 (9th Cir.1988); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994).  Furthermore, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates or pre-trial detainees. *See* Mann.  As a result, even if corrections officials  fail to properly apply an inmate grievance procedure, as Plaintiff contends is the case in York County, such failure is not actionable under § 1983.  *See* Spencer v. Moore, 638 F.Supp. 315, 316 (E.D. Mo.1986);  Azeez v. DeRobertis, 568 F.Supp. 8, 9-11  (N.D. Ill. 1982).

Finally, this Court cannot order SCDC to conduct additional investigations into the source of the stomach viruses of which Plaintiff complains to "ensure . . . better healthcare" for Perry inmates.  Such a request for relief, in effect, asks this Court to issue a writ of mandamus to the state-employed Defendants, telling them to conduct investigations.  *See* Black's Law Dictionary (8th ed. 2004) (mandamus:"A writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly.").   Circuit precedents teach that a writ of mandamus is a drastic remedy infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361;  Gurley v. Superior Ct. of Mecklenburg County, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969).  A federal district court may issue a writ of mandamus only against an employee or official *of the United States*, but not against an employee or official of a state.  Moye v. Clerk, DeKalb County Sup. Court,  474 F.2d 1275, 1275-76 (5th Cir.1973)(federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner); *see also* In re Campbell, 264 F.3d 730, 731 (7th Cir.

6

2001)(same; collecting cases); In re Carr, 803 F.2d 1180, 1180 (4th Cir., Oct 24, 1986)(unpublished opinion)(same).  In Craigo v. Hey, 624 F. Supp. 414 (S.D. W.Va. 1985), the district court concluded that the petition for a writ of mandamus against state officials was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal.  See Craigo, 624 F. Supp. at 414; see also Van Sickle v. Holloway, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); Hatfield v. Bowen, 685 F. Supp. 478, 479 (W.D. Pa. 1988); Robinson v. Illinois, 752 F. Supp. 248, 248-49 & n. 1(N.D. Ill. 1990).  As a result, Plaintiff's request that this Court order SCDC to conduct investigations cannot be granted.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.  See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Thomas E. Rogers, III

Thomas E. Rogers, III
United States Magistrate Judge

October 30, 2006
Florence, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 2317**
**Florence, South Carolina 29503**